UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAUREN VASQUEZ,

                              Plaintiff,

    -against-

J.B. HUNT TRANSPORT, INC.
and NICHOY M. TRACEY,

                              Defendants.
------------------------------------------------------------------------X

Docket No.: 1:22-CV-00372

**VERIFIED ANSWER**

       Defendants, **J.B. HUNT TRANSPORT, INC. and NICHOY M. TRACEY**, by and through their attorneys, RAWLE & HENDERSON LLP, as and for its answer to plaintiff's verified complaint, allege upon information and belief as follows:

       1.      Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1," "37" and "39" of plaintiff's verified complaint.

       2.      Admit each and every allegation contained in paragraphs "2," "3" and "35" of plaintiff's verified complaint.

       3.      Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "4," "5," 6," "7," "8," "9," "10," "11," "12," "13," "14," "15," "16," "17," "38," "40" and "41" of plaintiff's verified complaint and leave all matters of law to the Court.

       4.      Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "18," "19," "20," 21," "22," "23," "24," "25," "26," "27," "28," "29," "30," "31," "32" 33," "34" and "36" of plaintiff's verified complaint and leave all matters of law to the Court, except admit that defendant Nichoy M. Tracey was an employee of J.B. Hunt Transport, Inc. on May 15, 2018.

15637794-1

5. Deny each and every allegation contained in paragraphs "42," "43," "44," "45," "46," "47," "48," "49," "50," "51" and "52" of the plaintiff's verified complaint.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

6. That the comparative negligence of the plaintiffs has barred them from relief against these answering defendants. If, in fact, the damages occurred as alleged in the verified complaint, said damages occurred as a result of the plaintiffs' own provocation, carelessness, negligence, improper and culpable conduct and the plaintiffs were thereby guilty of comparative negligence as a result thereof, in whole or in part, or alternatively, any verdict which may be found against these answering defendants will be reduced by the proportionate culpability of the plaintiffs for their negligence, want of care and culpable conduct.

## AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

7. That in the event of any judgment or verdict on behalf of the plaintiffs, these answering defendants are entitled to a set-off or verdict with respect to the amounts of any past or future expenses pursuant to §4545 of the CPLR.

## AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

8. That this action does not fall within one or more of the exceptions set forth in CPLR §1602 and thus these answering defendants are responsible only for their pro rata share of any verdict.

## AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

9. That the verified complaint fails to state a cause of action upon which relief can be granted by virtue of the fact that plaintiffs have failed to sustain serious injuries for which they are

entitled to compensation as defined in 5102(4)(d) of the Insurance Law and are thus not entitled to relief by this Court.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

10. That further the injuries complained of by the plaintiffs were caused in whole or in part or were rendered more severe by virtue of the fact that plaintiffs failed to utilize the seat belts, shoulder harnesses or other restraining devices attached to the vehicle in which they were riding at the time that the accident occurred.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

11. To the extent that any payments have been made or may be made pursuant to Article 51 of the Insurance Law of the State of New York (Comprehensive Motor Vehicle Insurance Reparations Act) before the trial of this action, such payments will be considered in offset and in mitigation of damages.

### AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

12. Answering defendants assert all defenses available to them pursuant to Articles 51 and 52 of the Insurance Law of the State of New York.

### AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

13. Plaintiffs have failed to mitigate any alleged damages, said damages being specifically denied by answering defendants.

### AS AND FOR A NINTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

14. All injuries complained of by plaintiffs pre-existed the alleged accident, said injuries and accident being specifically denied.

### AS AND FOR A TENTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

15. Plaintiffs are guilty of contributory negligence, and therefore, plaintiffs' Complaint herein is barred or any recovery must be reduced by the percentage share of plaintiffs' negligence.

### AS AND FOR AN ELEVENTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

16. Any damages sustained by the plaintiffs were entirely or substantially caused by the negligence of plaintiffs, including contributory negligence, and/or the negligence of other parties or persons for whom answering defendants have no responsibility, and not by the culpable conduct or negligence of answering defendants.

### AS AND FOR A TWELFTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

17. The plaintiff did not use, or improperly used, any available seat belt and/or shoulder harness, and plaintiff's injuries, which are denied, were caused, contributed to and/or exacerbated by the lack of use, or improper use, of the seat belt and/or shoulder harness, and plaintiff's alleged injuries could have been obviated or mitigated by the use of any available seat belt and/or shoulder harness, and that plaintiffs' failure to use, improper use, of any seat belt and/or shoulder harness was in contravention of the New York Vehicle and Traffic Law and constitutes failure to mitigate damages in accordance with *Spier v. Barker*, 35 N.Y.2d 444 (1974).

**WHEREFORE**, Defendants, **J.B. HUNT TRANSPORT, INC. and NICHOY M. TRACEY**, demand judgment dismissing the plaintiff's verified complaint herein as to said answering defendant and for such other and further relief as this court deems just and proper.

Dated: New York, New York
January 26, 2022

                                            **RAWLE & HENDERSON LLP**
                                            Attorneys for Defendants
                                            **J.B. HUNT TRANSPORT, INC.**
                                            **and NICHOY M. TRACEY**

By: _____
           Anthony D. Luis, Esq.
           14 Wall Street – 27th Floor
           New York, New York 10005-2101
           Telephone No.: 1 (212) 323-7070
           Fax No.: 1 (212) 323-7099
           Our File No.: 805184

TO: Kevin G. Lillis, Esq.
       Law Offices of Patrick J Mullaney, P.C.
       100-09 Metropolitan Avenue
       Forest Hills, New York 11375
       Attorney for Plaintiff
       **LAUREN VASQUEZ**
       E-Mail: klillis@maglawyers.com
       Telephone No.: 1 (718) 821-8100
       Fax No.: 1 (347) 868-8032

15637794-1

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                                            ) ss.:
COUNTY OF NEW YORK   )

**ANTHONY D. LUIS**, an attorney admitted to practice in the State of New York, affirms: That the undersigned is a Partner with the firm of RAWLE & HENDERSON LLP attorneys for defendants, **J.B. HUNT TRANSPORT, INC. and NICHOY M. TRACEY**, in the within action; that the undersigned has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the defendants is that the defendants are outside the county where the undersigned maintains his offices.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:   New York, New York
              January 26, 2022

_____
**ANTHONY D. LUIS**

15637794-1